[Civil No. 2456. Filed January 24, 1927.]

[252 Pac. 509.]

PUBLIC SCHOOL DISTRICT No. 11 OF MARI-COPA COUNTY and PEORIA HIGH SCHOOL DISTRICT OF MARICOPA COUNTY, ARIZONA, Appellants, v. RUTH HOLSON, Appellee.

Mr. Arthur T. La Prade, County Attorney, Mr. Gene S. Cunningham, Assistant County Attorney, and Mr. C. M. Gandy, for Appellants.

Mr. Thomas W. Nealon, for Appellee.

ROSS, C. J.—This suit was brought by Ruth Holson to recover salary agreed by the board of trustees of the Peoria High School District to be paid her as teacher for the term of ten months, commencing on the tenth day of September, 1923, at the rate of $160 per month.

The plaintiff taught and was paid her salary therefor until January 2, 1924. On December 19, 1923, the board of trustees served her with the following notice:

"We, the undersigned, trustees of the Peoria high school district, hereby give you written notice, in accordance with the provisions of your contract, that same will be canceled two weeks from receipt of this notice by you. Please govern yourself accordingly."

The contract of employment was signed by the trustees, in behalf of the district, and by the plaintiff. In it was this stipulation:

"It is fully understood by both parties hereto that this contract may be terminated by either party hereto by giving to the other party two weeks' written notice of a desire to terminate the same."

The plaintiff, after receiving the notice of dismissal, continued to report at the schoolhouse for duty for some time and until another teacher had been employed to take her place.

Thereafter, on February 5, 1924, at a school meeting, regularly called and noticed by the trustees of said school district in accordance with the provisions of paragraphs 2733, 2734, Civil Code, as amended, for the purpose of hearing reasons why the action of the board terminating plaintiff's contract should not be sustained, the electors, voting by ballot, instructed the board to settle and pay plaintiff her salary from January 2d, also to reinstate her as teacher for the rest of her term of employment.

The board refusing to recede from its action, the plaintiff brought this suit for the stipulated salary for the balance of her term, less her earnings in other work during that time, and was awarded judgment, from which the school district has appealed.

The defendant takes the position that the plaintiff, having consented to the stipulation empowering the

trustees to terminate her contract upon two weeks' written notice of their desire to do so, has no right to complain. The correctness of this contention depends upon whether the insertion in the contract of such a stipulation is legal or not, and that is the question we have to determine.

Paragraph 2733, Civil Code, as amended by chapter 11, Laws of 1925, enumerates the powers and duties of boards of trustees, and by subdivision 8 thereof they are authorized—

"to employ under written contract, all employees of the schools. Boards of trustees may, at any time after the annual school election and qualification of the new members of the school board, enter into contracts with teachers, . . . necessary for the succeeding year, and fix their salaries. . . .

"Boards of trustees may, whenever they deem it advisable, employ city superintendents of schools and principals for any term not exceeding four (4) years."

While the requirements of a school might be such as to authorize the employing of teachers for terms short of the school year, the policy of employing them for the whole of "the succeeding year" seems implicit in the above provision. It may therefore be conceded that the trustees in their discretion may, when entering into the contract of employment, limit the tenure to a term less than the school year; yet the spirit of the law certainly contemplates the engagement of the teachers and other employees for the school year, which, in any event, cannot be less than eight months, and generally is more. Paragraph 2750, Civil Code. Nor can the employment be for more than one school year, except in case of principals or city superintendents.

The employment of the plaintiff was in accordance with the spirit and policy of the law; her engagement

being for the school year of 1923–24. Her tenure was fixed by the contract for ten months.

While subdivision 8, *supra,* imposes the duty of employing teachers upon the trustees, it does not provide what the terms of the contract shall be, except that it must fix the salary. Being silent as to the right to terminate the tenure as fixed by the contract, does the general law, as it concerns contracts between private parties, apply? Perhaps so, in the absence of any legislative expression to the contrary. It seems the general rule announced by the courts is to the effect that the power to employ teachers carries with it the power to dismiss, if the law fails, either expressly or impliedly, to state otherwise. The terms of the statute, whatever they be, are written into the contract, and cannot be supervened by any act of the board of trustees. 24 R. C. L. 618, § 75.

Paragraph 2806, Civil Code, is found under the heading of "Teachers" and is as follows:

"In case of the dismissal of any teacher before the expiration of any contract entered into between such teacher and the board of trustees, for alleged unfitness or incompetence, appeal may be had to the county superintendent."

This language does not directly confer the power of dismissal upon the trustees, but recognizes the existence of such power when the teacher is unfit or incompetent, but in no other case. If the teacher is fit and competent, the power of dismissal does not exist, as the expression of the one excludes the other. The legislature, in naming the grounds upon which a dismissal could be made by the trustees, especially where such grounds are broad enough to cover almost every kind of disqualification imaginable, must be presumed to have intended such grounds to be exclusive and a prohibition against the exercise of the power of dismissal whimsically, arbitrarily, or capriciously, or upon a mere desire for a change.

Under the educational system of this state, the supervision of the public schools is lodged (1) in a state board of education, (2) a state superintendent, (3) a county superintendent, and (4) boards of trustees of the school districts. The powers and duties of these boards and officers are necessarily different, but they are conferred in the interests of the school district, the unit of the system.

One of the functions of the state board of education is:

"To have entire supervision and control of the certification of teachers in accordance with such rules and regulations as the board may adopt." Subd. 9, par. 2697, Civil Code, as amended by chapter 69, Laws 1925.

Under the rules and regulations adopted by the board of education, the applicant for credentials to teach must not only possess a high degree of learning, but, in addition, must present evidence of sound health and good moral character and be a citizen of the United States. In employing teachers, the board of trustees is limited to certified teachers, men and women possessing certain qualifications ascertained by an examination akin to the examinations under the rules and principles of civil service.

When the privilege of teaching is so carefully hedged about, the recipient of credentials, who in his work has not shown himself unfit or incompetent, should not be subjected, as to his tenure of employment, to the mere pleasure of the employing agents, and we do not believe that the legislature intended that he should be.

We are of the opinion that the contract of employment fixed plaintiff's tenure for a term of ten months, and that the provision of the contract attempting to authorize the trustees to dismiss her at pleasure is contrary to, and violative of, the spirit and policy of the law as declared by the legislature, and that

the right to dismiss a teacher and thereby terminate her contract of employment exists only when she is shown, after an opportunity to be heard, to be unfit or incompetent to perform her contract. *In re Farish,* 18 Ariz. 298, 158 Pac. 845.

We have carefully examined the several cases cited by counsel for both sides, but in each of such cases the statutes involved were so different from ours as to make the conclusions thereon of little aid to us in construing our own. We therefore do not undertake to analyze or distinguish such cases, but choose, rather, to place our decision upon what we conceive to be a proper construction of our own statutes.

Our conclusion makes it unnecessary to consider what, if any, effect the action of the electors of the school district, in ordering the trustees to reinstate the plaintiff and to pay her salary, may have had upon the situation.

The judgment of the lower court is affirmed.

LOCKWOOD and McALISTER, JJ., concur.