330 P.2d 996

STATE BOARD OF DISPENSING OPTI-
CIANS, Delmer Drinen, Gordon Harper,
Max Kent, Ray Rodig and Everett J.
Master, Members of the State Board of
Dispensing Opticians, Appellants,

v.

Ellis CARP, Robert K. Shannon, Bernard
Stanton, Jack Sham, Clyde Damron, Irwin
Salk, Gene Schanbaum, Dan Geller, Leon-
ard Macaluso, Charles Shropshire, Stan-
ley C. Pearce and Irving Greenberg, Ap-
pellees.

No. 6626.

Supreme Court of Arizona.

Oct. 29, 1958.

36

———◆———

Robert Morrison, Atty. Gen., and Frederick E. Kallof, Asst. Atty. Gen., for appellants.

Gust, Rosenfeld, Divelbess & Robinette and Frank E. Flynn, Phoenix, for appellees.

WINDES, Justice.

Ellis Carp and others filed with the State Board of Dispensing Opticians applications for licenses to practice as dispensing opticians. Licenses were not issued for the reasons hereinafter related. Applicants filed an action in the superior court seeking writ of mandamus to compel the board to issue the licenses. The lower court directed the issuance of a peremptory writ as requested. The board appeals, claiming that the court could not legally require issuance of writ of mandamus.

In Chapter 15.1, Title 32, A.R.S., provision is made for the creation of a board of dispensing opticians and that, with certain exceptions not applicable to the parties herein, one desiring to practice as such must secure a license to be issued by the board. To secure such a license application must be made setting forth verified information to assist the board in determining the applicant's ability to meet prescribed requirements. The board is given the right to require any additional information which in its judgment may be necessary to assist it in determining whether the applicant is entitled to a license. A.R.S., section 32–1682. All further citations of sections refer to A.R.S. Section 32–1683 sets out the qualifications of applicants and so far as applicable to the problem presented herein provides that he shall:

"Establish that he has the required technical skill and training necessary for licensing by any one of the following means:

*　　*　　*　　*　　*　　*

"(d) Submit evidence of having been engaged as a dispensing optician or having served as an apprentice to a dispensing optician, a physician or an optometrist in a non-licensing state for five of the seven years next prior to the date of application, such engagement or apprenticeship to have included all principal phases of optical dispensing and to have resulted in the applicant's having acquired the minimum basic skills required for optical dispensing."

Each of the applicants submitted to the board verified documents showing that he had been either engaged as dispensing optician or had served as apprentice as provided by the statute in a non-licensing state for five of the seven years next prior to the date of the application. Thereafter the board wrote the following letter to each applicant:

"It has been determined after careful study by the Board that the evidence submitted by you to establish the minimum basic skills required by the statute for licensing dispensing opticians is insufficient. You may establish these minimum basic skills by passing the examination to be given by the State Board of Dispensing Opticians on February 23, 1957.

"Inasmuch as your application has not been completed for licensure credit will be given for the $25.00 previously paid upon the issuance of an original license pursuant to A.R.S. Section 32-1685.

"The additional $25.00 must be paid before the date of the examination. Please make your certified check or money order payable to Arizona State Board of Dispensing Opticians."

The instant suit followed, the complaint alleging that the board failed and neglected to act upon the applications and failed to issue licenses and that such failure was arbitrary and contrary to law.

The first question presented by the board as appellant is whether the applicants, hereinafter designated as appellees, should have exhausted the administrative remedy prescribed by the statute instead of filing mandamus. Section 32–1694 provides that when the board "denies, suspends or revokes a license" notice shall be given to the applicant and within thirty days thereafter the applicant may give written notice of a request for hearing which shall be had with the right of the applicant to present evidence. The board shall then render its decision on the basis of the evidence presented and send a copy thereof to the applicant by registered mail. Section 32–1695 states that within thirty days from the date of the decision applicant may appeal to the superior court for a trial de novo and that the court may return the case to the board for further evidence or may affirm, modify or reverse the de-

cision. An appeal may be taken to this court from the superior court's decision.

■ ■ If the foregoing procedure was available to the appellees mandamus would not lie as it provides an adequate legal remedy. Dunshee v. Manning, 59 Ariz. 430, 129 P.2d 924; State ex rel. Walls v. State Board of Land Com'rs, 36 Wyo. 302, 254 P. 491. Our view is that the action of the board does not amount to a decision from which an appeal could be taken. It must be a decision which denies, suspends or revokes a license. The decision reflected in the foregoing letter (if it may be called a decision) is that the board is not satisfied that applicants possess the required minimum basic skills and their applications shall remain pending the passing of an examination to be given by the board. So far as the record shows the applications are still pending. There exists no foundation for the invocation of the statutory administrative remedy.

Another question raised by appellant is that under the statute the board must determine whether the evidence submitted in support of the application shows that the applicant possesses the required minimum basic skills for optical dispensing and that the court in directing the writ necessarily usurped the board's discretion in making this determination. It is contended that mandamus cannot legally be issued on such a basis.

■ It is well settled that the writ can only be used to compel the performance of a ministerial duty or to compel action involving judgment and discretion. 34 Am. Jur., Mandamus, section 4, page 810. If it is to compel an act involving judgment or discretion, it is limited to compelling the exercise of discretion or rendition of judgment but may not designate how the discretion shall be exercised nor the nature of the judgment to be rendered. State v. Phelps, 67 Ariz. 215, 193 P.2d 921; Arizona State Highway Commission v. Superior Court, 81 Ariz. 74, 299 P.2d 783. Unquestionably, by the provisions of section 32–1683(d) quoted above, when an applicant submits evidence that he has been engaged as a dispensing optician or has served as an apprentice to such optician, physician or optometrist for five of the seven years next prior to the date of application and shows that such engaging or apprenticeship included all principal phases of optical dispensing, the board must decide whether such engaging or apprenticeship resulted in the applicant having acquired the minimum basic skills for optical dispensing. The fact of the acquisition of these basic skills from the required statutory experience is committed to the discretion of the board and if not abused, its action cannot be controlled by mandamus.

The board recognizing its duty to make this decision passed a resolution that it

was unable to do so and as to all applicants who had not been actually practicing in Arizona so as to be subject to actual investigation, an examination shall be required. Pursuant to that resolution a rule was adopted, in effect requiring all applicants to take an examination, except those possessing a license in good standing from another state the requirements of which at the time of issuance were substantially equivalent to Arizona's requirements. This included all applicants under section 32–1683(b), (c) and (d). The rule prescribed an extensive and detailed list of subjects upon which they must be examined and required 75 percent as a passing grade. The legality of this rule is challenged.

It is elementary that an administrative board cannot be given legislative power. Our view is that this rule enters the legislative field. We think the intention of the legislature by the enactment of the applicable portion of section 32–1683 was to prescribe certain experience which might well result in the acquisition of the minimum basic skills necessary for optical dispensing without the additional requirement of passing some examination on such subjects and at such percentage as the board might choose to designate.

Section 32–1671 states in detail what services a dispensing optician is supposed to render. We cannot take seriously the contention that the board of professional experts in this field cannot from an examination and investigation of the nature and extent of the applicant's experience and education come to a fair and intelligent decision as to whether the applicant possesses the minimum basic skills to perform the services required of dispensing opticians.

The evidence consisted of the applications, together with references, each of which reflected the character and extent of the experience and training of the respective applicants. These vary somewhat in character and degree. The trial court with this evidence decided it was the mandatory duty of the board to issue licenses. We fail to see how this can legally be done. The court in so adjudging is exercising its discretion when the statute has committed that duty to the board. As yet the board has never passed upon this matter, and under the principles heretofore announced the court cannot tell it how to act. Under these circumstances if the matter had been properly presented, the court could compel action and the legality of that action might well thereafter be tested by appropriate proceedings.

Judgment reversed.

UDALL, C. J., and PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.