432 P.2d 471

CITY OF PHOENIX ex rel. Robert J. BACKSTEIN, Phoenix City Attorney, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, Charles Hardy, Judge of the Superior Court for the State of Arizona, In and For the County of Maricopa, Carl J. Slonsky, real party in interest, Respondents.

I CA–CIV 697.

Court of Appeals of Arizona.

Oct. 16, 1967.

Rehearing Denied Nov. 14, 1967.

Review Denied Dec. 19, 1967.

Robert J. Backstein, City Atty., by Barry Leverant, Asst. City Atty., for petitioner.

Kanne & Bickart, by Allen B. Bickart, Phoenix, for respondents.

STEVENS, Judge.

The respondent, Carl J. Slonsky, real party in interest, filed an application with the Arizona State Department of Liquor Licenses and Control for a transfer of location of a Series No. 7 Spirituous Liquor License, an on-sale retail beer and wine license, from 212 North 1st Street, Phoenix, to 21 E. Washington Street, Phoenix. Pursuant to the Arizona Revised Statutes and the procedures established by the petitioner, City of Phoenix, the matter of the application for transfer of a spirituous liquor license from location to location was placed on the agenda of the Phoenix City Council for hearing on 15 August 1967. The City Council voted to disapprove the application for transfer on the grounds that it was not in the best interest of the City.

On 30 August 1967, Carl J. Slonsky filed an application for a writ of mandamus in the Maricopa County Superior Court. Among other allegations Slonsky stated that his lease had been terminated effective 30 September 1967. The applicant prayed for a writ of mandamus to be issued as a peremptory writ commanding the City of Phoenix to issue its recommendations approving the application for transfer and to transmit such recommendation of approval to the Department of Liquor Licenses and Control. The matter was heard in the Superior Court, on the 8th and 13th days of September 1967. At the conclusion of the hearing the following order was entered:

"Since it appears that there were no valid protests to the transfer of the applicant's license at the time that the City of Phoenix heard the matter,

"IT IS THE FINDING OF THE COURT that the City Council's action in disapproving the transfer was arbitrary and discriminatory and an abuse of the discretion of the City Council.

"IT IS ORDERED granting peremptory writ of mandamus * * *"

The formal written peremptory writ of mandamus was signed and filed. Petitioner then applied to this Court for a writ of certiorari or prohibition to direct Respond-

ent Judge to annul the order and judgment of 13 September 1967.

On 27 September 1967, after an informal hearing, we accepted jurisdiction. It is our opinion that extraordinary relief was proper because there was no plain, speedy and adequate remedy by appeal. City of Phoenix v. Superior Court, 101 Ariz. 265, 419 P.2d 49 (1966); Caruso v. Superior Court, 100 Ariz. 167, 412 P.2d 463 (1966).

A writ of mandamus can only be used to compel the performance of a ministerial duty or to compel the respondent to act in a matter involving judgment and discretion. It is limited to compelling exercise of discretion or rendition of judgment, but may not designate how the discretion shall be exercised or the nature of the judgment to be rendered. State Board of Dispensing Opticians v. Carp, 85 Ariz. 35, 330 P.2d 996 (1958). We must determine whether the City Council had any discretion in this matter. Respondent, Slonsky, contends that under the provisions of A.R.S. § 4–201, amended 1967, the City Council must approve a liquor license transfer if there are no objections from a bona fide resident of the age of twenty-one years or more residing, owning or leasing property within a one-half mile radius from the premises proposed to be licensed. With this contention we do not agree. In our opinion, that statute does not require automatic approval by the City Council if there are no objections by the parties specified in the statute. The statute vests the City Council with discretion to approve or disapprove the transfer and in this regard each member of the City Council may vote as his conscience dictates.

We are not called upon to approve or disapprove the manner in which the City Council conducted the hearing. In view of the rule set forth in CARP, assuming arguendo that the Superior Court had jurisdiction in this matter, the court exceeded its jurisdiction in ordering the City Council to issue its recommendation approving the application for transfer.

Mandamus will not lie if there is a plain, speedy and adequate remedy at law. Rhodes v. Clark, 92 Ariz. 31, 373 P.2d 348 (1962). Did Slonsky have such a remedy available to him after the City Council had denied his application for transfer of a liquor license? In order to make this determination we look to the Liquor Licensing Provisions of the Arizona Revised Statutes as added and amended in 1967. A.R.S. Section 4–201, subsection C, provides that the governing body of a city or town shall enter an order recommending approval or disapproval of applications for licenses to manufacture, sell or deal in spirituous liquors if the applicant desires a license within an incorporated city or town. A.R.S. Section 4–203, subsection C, provides that a spirituous liquor license shall be transferable to another permitted location within the same county if the transfer meets the requirements of an original application. In our opinion, the words "shall be transferable" are permissive and not mandatory. A.R.S. Section 4–203, subsection D provides:

"All applications for a transfer pursuant to subsection C shall be filed with and determined by the designated representative of the board, provided that:

"1. In the event the governing body of the city or town or the board of supervisors receiving such application pursuant to § 4–201 orders disapproval of such application, such application shall be presented to the board, and the transfer shall not become effective unless approved by the board. * * *"

A.R.S. Section 4–211 provides:

"A. Any decision of the board in any matter shall be final, unless any person aggrieved or a city, town or county, within thirty days after receiving notice of the decision of the board, appeals to the superior court of the county in which the licensed premises are located, on one or more of the following grounds that the order was:

"1. Founded on or contained error of law which shall specifically include error

of construction or application of any pertinent rules;

"2. Unsupported by any competent evidence as disclosed by the entire record;

"3. Materially affected by unlawful procedure;

"4. Based on violation of any constitutional provision; or

"5. Arbitrary or capricious.

\* \* \* \* \* \*

"C. The court shall review the hearing without a jury on the basis of the transcript and exhibits, except that in case of alleged irregularity in procedure by the board not shown by the transcript, the court may order testimony to be given thereon. The court shall upon request by either party hear oral arguments and receive written briefs. The court may affirm the decision of the board, remand the matter for further proceedings before the board, or reverse or modify the decision if it finds that the objection of the person aggrieved is well taken on any of the grounds stated. \* \* \* Appeal shall be available to the court of appeals from the order of the superior court as in other civil cases."

Slonsky urged that the relief sought in the trial court was available to him because of the necessity of a speedy remedy in light of the fact that his lease was about to expire. He took the position that if the City Council granted approval, then he could proceed directly to the representative of the Board who would be more readily accessible to him than would be a hearing before the Board itself which would be necessary if the transfer were disapproved. See A.R.S. § 4–203. The problem presented to us is one of the proper application of the law in relation to administrative procedures.

Upon an examination of the liquor licensing provisions of the Arizona Revised Statutes, we find that comprehensive statutory administrative remedies were available to the respondent. There is an absence of a statutory review of the recommenda-tion of the local governing body. The respondent must exhaust his administrative remedies prior to seeking judicial review of an administrative act. Campbell v. Chatwin, 102 Ariz. 251, 428 P.2d 108 (1967). We hold that the respondent had a plain, speedy and adequate remedy available and since he failed to exhaust his administrative remedies, the Superior Court was without jurisdiction to enter its order granting the peremptory writ of mandamus.

The order and judgment of the trial court are vacated and held for naught.

CAMERON, C. J., and DONOFRIO, J., concur.