BERNARD DUGAS ET AL. *v.* ARMAND BEAUREGARD ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued October 11—decided November 21, 1967

*Gerald A. Roisman,* with whom, on the brief, were *Arthur L. Spada* and *Neil O. Littlefield,* for the appellants (plaintiffs).

*Orrin Carashick,* for the appellees (defendants).

Covello, J.   The plaintiffs are resident taxpayers of the city of Norwich.   In this action they seek a declaratory judgment determining the validity of an amendment to the city charter adopted on March 16, 1965, and injunctive relief.   The court determined that the amendment to the charter was validly adopted and rendered judgment for the defendants.   The plaintiffs have appealed to this court.

The city of Norwich as presently constituted was established as a municipal corporation by No. 573 of the 1951 Special Acts (26 Spec. Laws 459, No. 573), of which we take judicial notice.   The provi-

sions of this act became the charter of the city. By this act the former town of Norwich and the former city of Norwich were consolidated. The act divided the city of Norwich into three consolidation districts: (1) the city of Norwich, whose territorial limits and boundaries are the same as the territorial limits and boundaries of the town of Norwich, (2) the city consolidation district, whose territorial limits are the same as the territory embraced within the corporate limits of the city of Norwich as it existed prior to the act, and (3) the town consolidation district, which consists of the area of the city outside the limits of the city consolidation district. 26 Spec. Laws 459, c. 2. The act also provided that the area of the city consolidation district may be extended by the city council in accordance with certain provisions prescribed therein. 26 Spec. Laws 460, c. 2 § 3.

The act provided for a city council consisting of nine aldermen, six to be elected from the city consolidation district and three to be elected from the town consolidation district, as well as other municipal officers. 26 Spec. Laws 465, c. 4 § 2, 470, c. 5 § 1. Neither the town consolidation district nor the city consolidation district have separate legislative or governing bodies, nor do they have power to make appropriations or levy taxes. Section 18 of chapter 7 of the charter provided that the budget shall be so drawn that the city consolidation district alone shall provide the revenue necessary for certain purposes therein enumerated, among them the cost of a paid police department within the city consolidation district.

At a special election held on March 16, 1965, the electors of the city of Norwich approved an amendment to the charter. The amendment was proposed

and approved pursuant to General Statutes §§ 7-188 through 7-194. At that election 6112 voted in favor of the amendment, and 4521 voted against the amendment.

By the amendment adopted on March 16, 1965, § 18 of chapter 7 of the charter was replaced by article 2 § 18 of the amendment which provides that taxes in the city of Norwich shall be levied so far as possible in equitable proportion to the benefits and services received by its inhabitants. By the provisions of this section, the costs of services, facilities and improvements which are of general benefit and for general governmental purposes are to be borne by all of the inhabitants of the city, while other services therein enumerated are stated to be for the special benefit of some distinct area of the city, or a particular segment of the inhabitants of the city, and are to be paid for by the taxpayers of the areas benefited. This section further provides that the special benefits and general benefits may be redefined from time to time by the city council.

By the amendment, certain costs formerly chargeable to the city consolidation district are now chargeable to the city of Norwich. Further, by the amendment, the territory in which the paid police department operates is extended to include the whole city of Norwich, and the cost of operating and maintaining the police department is chargeable to all the taxpayers of the city of Norwich.

The plaintiffs reside and own taxable property in the town consolidation district, and their taxes will be increased to some degree by the inclusion of the cost of the paid police department and other specified charges within the city budget.

The charter amendment of March 16, 1965, was proposed and adopted pursuant to §§ 7-188 through

7-194 of the General Statutes, which constitute a part of the Home Rule Act. The plaintiffs do not dispute that the requirements of § 7-191 of the General Statutes were followed in the adoption of the amendment. The plaintiffs claim, however, that §§ 7-188 through 7-194, and especially § 7-191, are not applicable because the three consolidation districts in the city of Norwich provided for by No. 573 of the 1951 Special Acts are units of local government as defined in § 7-195 and that the charter amendment attempted here was an attempt to consolidate those units. Consequently, the plaintiffs claim that the amendment to the charter should have been effected in accordance with §§ 7-195 through 7-201, which provide for the consolidation of units of local government.

Sections 7-195 through 7-201 of the General Statutes are concerned with the consolidation of units of local government. In § 7-195 "unit of local government" is defined as a town or political subdivision thereof, and "political subdivision" is defined as a city, borough, or district within a town. It is clear that the two "consolidation districts" in Norwich are neither cities nor boroughs. It is necessary to determine whether they are "districts" within the meaning of that term as it is used in § 7-195. In § 7-324, the word "district" is defined as "any . . . district or association, except a school district, wholly within a town having the power to make appropriations or to levy taxes." Although this definition is limited in its application to fire, sewer, and other districts, we may properly turn to it for an indication of the meaning to be ascribed to the word "district" as it is used in § 7-195. It is obvious from the context of § 7-195 that the word "district" is used therein, not in its ordinary sense, but in the

sense of a body politic, having and exercising governmental power. General Statutes § 1-1. It denotes not merely a geographical division but a geographical division the inhabitants of which are invested with power to discharge some function of government.

In determining whether the designation as a district of a particular geographical subdivision of a town or city brings that district within the meaning of, and the requirements of, § 7-195, it is necessary for us to ascertain the purposes for which the district exists, that is, to determine whether it is a political, as well as a geographical, subdivision. The attributes which are generally regarded as distinctive of a political subdivision are that it exists for the purpose of discharging some function of local government, that it has a prescribed area, and that it possesses authority for subordinate self-government through officers selected by it. See *Sachem's Head Property Owners' Assn.* v. *Guilford,* 112 Conn. 515, 517, 152 A. 877; *State ex rel. Malkin* v. *McMahon,* 88 Conn. 461, 463, 469, 91 A. 445; 1 McQuillin, Municipal Corporations (3d Ed.) § 2.07.

An examination of No. 573 of the 1951 Special Acts, under which the city of Norwich was consolidated, discloses that, although the city is divided into three districts, the city consolidation district and the town consolidation district possess none of the essential attributes of a political subdivision. They have no legislative or governing bodies, no power to levy taxes, no power to make appropriations, and no provision for self-government. The areas designated in the act are subject to alteration by the city council. They are geographical subdivisions for the purpose of equalizing the tax burdens

of the taxpayers within the districts and for the purpose of electing members of the city council and are not units of local government within the definition of § 7-195 of the General Statutes. The subdivision of a municipality into districts for specified purposes is not uncommon in this state. See *Davis Holding Corporation* v. *Wilcox,* 112 Conn. 543, 153 A. 169; *Chamberlain* v. *Bridgeport,* 88 Conn. 480, 91 A. 380; *State ex rel. Malkin* v. *McMahon,* supra.

As a further indication of the fact that the city consolidation district and the town consolidation district are not units of local government within the city, we note that § 5 of chapter 18 of the charter, now superseded by §§ 7-191 and 7-192 of the General Statutes, provided for an amendment of the charter by a vote of the electors of the city of Norwich without regard to any action on the part of the city consolidation district and the town consolidation district. 26 Spec. Laws 527 § 5.

We conclude that the city consolidation district and the town consolidation district of the city of Norwich are not units of local government within the meaning of General Statutes §§ 7-195 through 7-201, which provide for the consolidation of local governments. They are geographical subdivisions established for the purpose of apportioning the tax burdens of the taxpayers according to the benefits received and for the purpose of electing members of the council. We hold that the amendment to the charter of March 16, 1965, was validly adopted.

There is no error.

In this opinion the other judges concurred.