** See: opinion No. 96-047 (1996) ** PUBLIC AGENCY DEFINED The attributes of a political subdivision, as that term is used in 74 O.S. 1003 [74-1003](a) (1971), are that it performs a function of local government, extends over a prescribed geographical area, and exercises authority for subordinate self-government through officers duly selected by it. Any entity created by statute possessing the authority to act with the sanction of government behind it is a governmental agency within the meaning of Section 1003 (a), supra. Accordingly, for the purposes of 74 O.S. 1001 [74-1001] — 74 O.S. 1008 [74-1008], the term " public agency " embraces school districts, area school districts for vocation and/or technical schools, state colleges and universities, and trusts created under statutes relating to trusts for furtherance of public functions. The Attorney General has received your request for an opinion wherein you raise the following question: "The question has arisen as to the meaning of 'public agency' as defined by this Act (74 O.S. 1001 [74-1001] — 74 O.S. 1008 [74-1008] (1971)). What are the guidelines for determining what constitutes a political subdivision or agency of the State or Federal government for the purposes of the Interlocal Cooperation Act? Are public school districts, vocational-technical school districts, state colleges and universities, state, county or municipal trust authorities considered 'public agencies' and within the scope of the Act?" Title 74 O.S. 1001-1008 [74-1001-1008] (1971), which embodies the Interlocal Cooperation Act, provides in 1003 (a) as follows: "For the purposes of this Act, the term 'public agency' shall mean any political subdivision of this state; any agency of the state government or of the United States; and any political subdivision of another state." This statutory definition assigns a three-fold meaning to the term 'public agency': (1) "any political subdivision of the state," (2) "any agency of the state government or of the United States," and (3) "any political subdivision of another state." Distinctions which are typically attributed to "political subdivisions" are that it performs a function of local government, it extends over a prescribed geographical area, and exercises authority for subordinate self-government through officers duly elected by it. See Dugas v. Beauregard, 155 Conn. 573, 236 A.2d 87, 89. Their primary purpose, it must be noted, is the exercise of governmental functions. See Arkansas State Highway Commission v. Clayton, 266 Ark. 712, 292 S.W.2d 77, and Standard Oil Company v. National Surety Company, 143 Miss. 841,107 So. 559. The Oklahoma Constitution, Article X, Section 26, provides: ". . .No county, city, town, township, school district, or other political corporation, or subdivision of the State, shall be allowed to become indebted, in any manner, or for any purpose, . . ." In construing this provision, the Supreme Court of Oklahoma in Sheldon v. Grand River Dam Authority, 182 Okl. 24, 28,76 P.2d 355, 361, applied the ejusdem generis rule in holding that the Grand River Dam Authority was not a "political corporation or subdivision of the State" within the meaning of this constitutional provision. In so holding, the Court specifically noted: ". . .The Authority was not organized for political or governmental purposes, and does not possess political or governmental powers other than necessary to carry out the specific purposes for which it was created. . . ." This view has been carried forward in subsequent decisions. In Armstrong v. Sewer Improvement District No. 1, Okl., 199 P.2d 1012, the Court had to decide whether a sewer improvement district was a political subdivision. The Court held: ". . .(T)he district is not such a political subdivision . . . the sewer improvement districts therein provided for are not organized for political or governmental purposes and do not possess political or governmental powers other than those necessary to carry out the purposes for which they are created. They are in no sense additions to or agencies in aid of the general government of the state, or in the aid of any governmental agencies or functions, but are purely for the purpose of promoting the welfare and benefit of the inhabitants of that particular district . . . ." Notwithstanding these decisions, it should be noted that the statutory definition of "public agency" in Section 74 O.S. 1003 [74-1003](a), supra, includes "any agency of the State government." In Lassiter v. Guy F. Atkinson Co.,176 F.2d 984 (9th Cir., 1949) the term "public agency" was defined in the following language: ". . .The authority to act with the sanction of government behind it determines whether or not a governmental agency exists. The form the agency takes, or the function it performs are not determinative of the question of whether it is an agency, although it may be significant with respect to other questions, such as 'good faith' or whether there is an 'administrative regulation, order, ruling, approval, or interpretation.' " Instead of concentrating on the "sanction of government", the Oklahoma cases focus on whether or not a State function is being performed. Thus, in Sheldon v. Grand River Dam Authority, supra, the Court reasoned as follows: ". . .We therefore conclude that under the rule of ejusdem generis the Act does not create a 'political corporation, or subdivision of the State' within the meaning of Article X, Section 26 of Article 10. Rather, it creates a governmental agency or public corporation, with limited powers, for the purpose of conducting a State function, which could have been accomplished by an existing State Board or office . . ." (Emphasis added) See also International Brotherhood v. Grand River Dam Authority, Okl., 292 P.2d 1018. These cases would reasonably lead to the conclusion that an entity created by statute is either a political subdivision or a governmental agency, the latter term seemingly embracing the residue not included in a definition of the former. Maurice H. Merrill, 23 Okl. Law Review 349, Comments: "Obviously, what form of entity sanctioned by the State cannot be identified as a political subdivision . . . must be an agency of the State. It is difficult to omit any officially recognized entity, created within the balance of this State, including, of course, the State itself, which can act only through agencies. It even might extend to a statutory oil and gas production unit. The powers conferred by the statute thus will be pretty generally available as between all varieties of governmental units or official agencies, within the State. . . ." Looking specifically at the questions you have raised, the following point should be noted: Public school districts are expressly defined as subdivisions of the State in the Oklahoma Constitution, Article X, Section 26. The Oklahoma Constitution, ArticleX, Section 9B, provides for the establishment of area school districts for vocational and/or technical schools, and continues: ". . . Any area school district so established shall be considered as a school district for the purposes of Sections 10 and 26 of this Article . . ." The latter provision has the effect of rendering such school districts political subdivisions of the State. State colleges and universities perform a State function within the meaning of Sheldon v. Grand River Dam Authority, supra. Hence, they are of necessity governmental agencies. The same can be said of State, county and municipal trust authorities. State v. Garrison, Okl., 348 P.2d 859, held in part: "We digress in order to point out that the trust is a legal entity separate and apart from the State and the political subdivisions of the State and as such (assuming that it qualifies as a public trust) an 'agency of the State and the regularly constituted authority . . . or the performance of the function for which the trust shall have been created.' 60 O.S. 1951 179, [60-179]." It is, therefore, the opinion of the Attorney General that your question be answered as follows: The attributes of a political subdivision, as that term is used in 74 O.S. 1003 [74-1003](a) (1971), are that it performs a function of local government, extends over a prescribed geographical area, and exercises authority for subordinate self-government through officers duly selected by it. Any entity created by statute possessing the authority to act with the sanction of government behind it is a governmental agency within the meaning of Section 74 O.S. 1003 [74-1003](a), supra. Accordingly, for the purposes of 74 O.S. 1001-1008 [74-1001-1008], the term " public agency " embraces public school districts, area school districts for vocational and/or technical schools, state colleges and universities, and trusts created under statutes relating to trust for furtherance of public functions. (Duchess Bartmess) ** SEE: OPINION NO. 79-147 (1979) **