496 P.2d 639

**PIMA COLLEGE et al., Appellants,**

**v.**

**Dr. Dean L. SINCLAIR, Appellee.**

**No. 2 CA–CIV 1132.**

Court of Appeals of Arizona,
Division 2.

May 3, 1972.

Rehearing Denied May 25, 1972.

Review Denied July 11, 1972.

Rose Silver, Pima County Atty., by Lawrence Ollason, Sp. Deputy County Atty., Tucson, for appellants.

Stuart Herzog, Tucson, for appellee.

HATHAWAY, Judge.

Appellants seek reversal of a judgment entered 1 September 1971 ordering appellants to submit to appellee a contract for employment for the school year 1971–72.

Appellee, Dr. Dean L. Sinclair was hired by the Governing Board of Pima Junior College on May 4, 1970, as a faculty member to teach the physical sciences for the academic year 1970–71. On March 11, 1971, Dr. Kenneth Harper, President of Pima Junior College, notified appellee by letter that he would not be issued a contract for the academic year 1971–72; the letter contained no statement of reasons for the non-renewal.

On April 20, 1971, appellee filed a petition in the Superior Court of Pima County for a Writ of Mandamus to command appellants to issue to appellee his contract for employment for the academic year 1971–72. An amended Petition for Special Action (Mandamus) was filed May 10th. Evidence and testimony was heard and con-

sidered by the trial court resulting in the aforesaid judgment from which this appeal was taken.

Appellants' position is that the trial court erred in granting the mandamus judgment because "(1) the appellee failed to show that he made demand for performance of the act he seeks to mandamus (2) failed to show that he exhausted his administrative remedies (3) cannot rely upon a resolution to show that the law of tenure applies to him." The trial judge found that appellee's contract was automatically renewed by operation of law. This being so appellee counters that nothing further was required of him.

We must decide if the trial court was correct in finding appellee's contract automatically renewed by law and, if so, if the special action for mandamus was the correct procedure for enforcement.

 Pima College apparently has no formally adopted policy regarding teachers' tenure and employment. However, on December 11, 1961, the Arizona State Junior College Board unanimously passed the following motion:

"TENURE. A. The County Board of Governors shall establish and implement a policy which protects the staff members from unreasonable dismissal and the college from the necessity to retain incompetent teachers.

B. The policy shall employ such procedures as are found in continuing contract laws: reasonable period of probation, early notification of contract renewal or termination, written statement of reasons for dismissal for both probationary and established faculty members, and assurance of continuing equitable treat-

ment and reasonable security after the probationary period."

In Kaufman v. Pima Junior College Governing Board, 14 Ariz.App. 475, 484 P.2d 244 (1971) we held that the power of the state board was sufficient to encompass the contract policy which it passed.

Even though Pima College has no formally adopted policy, Dr. R. Malone, President for Academic Affairs at Pima College, testified that generally Pima College adheres to A.R.S. § 15–251 et seq. (1956), (Supp. 1971–72), which encompasses provisions on continuing contracts. A.R.S. § 15–252 (Supp.1971–72) provides for notice of contract termination to the teacher by March 15th. The faculty handbook and calendar distributed by Pima College requires notification by March 1st.[1] Appellants do not contest that the notice of non-renewal was not timely nor that appellee did not receive reasons for his dismissal. We therefore conclude that after March 1st appellee's employment relationship was governed by continuing contract law.

As we noted in Kaufman v. Pima Junior College Governing Board, supra, since the Teachers' Tenure Act (A.R.S. § 15–251 et. seq.) is not applicable to junior college teachers, those cases interpreting said act are normally inapposite. However, as in this case, where evidence indicates that Pima College adheres to the act, we believe reference to the act and cases construing it to be warranted in view of the fact that the local colleges are required by the state board to have adopted some policy.

A.R.S. § 15–252, subsec. A (Supp. 1971–72) provides in part:

"Subject to the provisions of § 15–257, the contract of employment of a pro-

[1] The handbook entitled, "Pima College Faculty" reads:
"RENEWAL OF APPOINTMENT
A faculty member who wishes to continue to teach at Pima College after the termination of a contract year may assume he is invited to do so unless he is notified to the contrary by the president of the college prior to March 1 of the contract year."

Michael J. Brown, Chairman of the Pima Junior College Governing Board at the time of trial, testified that the board of governors had adopted a calendar, one page of which was entitled "March 1971 [symbol] Pima College." On the calendar date March 1st appears the following: "Non-Renewal Notice on Faculty Appointments."

bationary or continuing teacher for a school year shall be deemed automatically renewed for the next ensuing school year, unless, on or before March 15 immediately preceding the ensuing school year, the school board, a member thereof acting on behalf of the board, or the superintendent of the school district, gives notice to the teacher of the termination of his contract."

As we have noted evidence indicates Pima College generally adheres to this provision except that it has adopted a notification date of March 1st rather than March 15th. Therefore failure to give proper notice by March 1st caused appellee's contract to be automatically renewed by operation of law. Palicka v. Ruth Fisher School District No. 90 of Maricopa County, 13 Ariz.App. 5, 473 P.2d 807 (1970).

We believe mandamus to have been proper in these circumstances. In Tempe Union High School District v. Hopkins, 76 Ariz. 228, 235, 262 P.2d 387, 392 (1953) where failure of notice resulted in a contract being renewed by operation of law, the court said:

"The board had exhausted its discretion. There remained only the ministerial act of reducing to writing her contract of employment for the ensuing year. Mandamus under such circumstances was the proper remedy under the law. We have so frequently sustained that position that a citation of authority is unnecessary."

See also Board of Education, Tucson High School District No. 1 v. Williams, 1 Ariz. App. 389, 403 P.2d 324 (1965). Appellee had a contract by operation of law. It was not necessary for him to demand that he receive a contract or to request a hearing.

The judgment is affirmed.

KRUCKER, C. J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.