540 P.2d 744

**Donald McCLANAHAN and Phyllis McClanahan, husband and wife, Appellants,**

**v.**

**COCHISE COLLEGE, State of Arizona, et al., Appellees.**

**No. 2 CA–CIV 1838.**

Court of Appeals of Arizona, Division 2.

Sept. 30, 1975.

Rehearing Denied Nov. 13, 1975.
See 542 P.2d 426.
Rehearing Denied Dec. 18, 1975.

W. Edward Morgan, Tucson, for appellants.

Bruce E. Babbitt, Atty. Gen., by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellees.

OPINION

HOWARD, Chief Judge.

We are called upon to decide whether the trial court erred in granting appellees' motion to dismiss for lack of jurisdiction and failure to state a claim.

The complaint alleged the following facts: Appellant Donald McClanahan was a continuing teacher having first been employed as a fulltime classroom teacher and subsequently as a dean of occupational instruction. His contract had been renewed for more than four consecutive years of employment with Cochise College. He was originally employed as a teacher duly certified under the appropriate laws of the State of Arizona and received a contract for the academic year 1972–73 as dean of occupational instruction. His total tenure at the college was in excess of eight years.

On January 9, 1973, appellant was given until February 1, 1973, to submit his resignation as dean of occupational instruction. On January 19, 1973, the governing board of Cochise College gave him notice that his services with the institution would be terminated. In accordance with Policy 2019 of the Cochise College Governing Board Manual, and in particular in accordance

with Policy 2006, he made a request for a hearing. Prior to the hearing set for April 16, 1973, appellant's counsel was informed that appellees would not allow faculty witnesses to be called to testify in appellant's behalf. His attorney was also notified that at such hearing the services of a court reporter would not be provided, nor would a transcript of the proceedings be made available. Testimony of witnesses was not to be given under oath.

Appellant brought an action in the United States District Court for the District of Arizona which ordered a hearing before the Governing Board of Cochise College. This hearing was held in the months of January and March of 1974. On May 29, 1974, the Board terminated appellant for cause.

The complaint further alleged that Donald McClanahan's rights were violated in that there were not sufficient grounds to dismiss him; that he was entitled to a hearing prior to the determination of dismissal; that the hearing failed to comply with procedural due process requirements and the procedures required by the Arizona State Teachers Tenure Act and the Arizona Administrative Procedure Act.

In the prayer for relief, appellants asked that Donald McClanahan be granted, in the superior court, a hearing de novo; that he be reinstated as an administrator or, in the alternative, as a teacher; that he be paid his back salary with interest to date of payment; that they receive reasonable attorney's fees occasioned in their defense, both at the hearing and in the federal court action and this action; that they receive reasonable damages for the pain and suffering occasioned by the conduct of the defendants and that they be compensated for the damages done to appellant Donald McClanahan's professional reputation.

In their motion to dismiss the complaint for lack of subject matter jurisdiction, appellees contended that Title 12, Chapter 7, Article 6, Judicial Review of Administrative Decisions, Arizona Revised Statutes,

does not apply to decisions of a governing board of a junior college. The motion further contended that the Arizona Teachers Tenure Act, as amended, A.R.S. Secs. 15–251 et seq., was not applicable; the complaint failed to allege acts sufficient to invoke special action jurisdiction; appellant Donald McClanahan lacked standing to claim he was terminated as a teacher since he was an administrative officer and had no right to a hearing prior to termination of his services. Attached to the motion to dismiss was a copy of the decision of the governing board of Cochise College together with copies of sections 2018 and 2019 of the Cochise College Governing Board Manual.

In their response to appellees' motion to strike and/or dismiss, appellants answered all of appellees' contentions except the contention that the complaint failed to state a claim against the governing board members individually.

A.R.S. Secs. 12–901 et seq., provide for judicial review of administrative decisions. Section 12–901 provides:

"In this article, unless the context otherwise requires:

1. 'Agency' or 'administrative agency' means every agency, board, commission, department or officer authorized by law to exercise rule-making powers or to adjudicate contested cases, whether created by constitutional provision or legislative enactment, but does not include an agency in the judicial or legislative departments of the state government, and does not include any *political subdivision,* municipal corporation, or agency thereof. (Emphasis added)

Section 12–902(A), as amended, provides:

"This article applies to and governs every action to review judicially a final decision of an administrative agency except public welfare decisions pursuant to title 46, or where the act creating or conferring power on an agency or a separate act provides for judicial review of

the agency decisions and prescribes a definite procedure for the review."

A.R.S. Sec. 12–910 provides that the trial in superior court shall be a trial de novo if it is demanded in the complaint or answer of a defendant other than the agency and if no hearing was held by the agency, or the proceedings before the agency were not stenographically reported so that a transcript might be made.

■■■ Is Cochise College, and its governing board, a political subdivision of the state? The attributes which are generally regarded as distinctive of a political subdivision are that it exists for the purpose of discharging some function of local government, that it has a prescribed area, and that it possesses authority for subordinate self-government by officers selected by it. *Dugas v. Beauregard,* 155 Conn. 573, 236 A.2d 87 (1967). Junior college districts may be organized for a single county, or for two or more contiguous counties. A.R.S. Sec. 15–666. When a proposed district has been approved by the State Board of Directors for Junior Colleges and has been approved by the qualified electors of the county, the state board then establishes five precincts in the junior college district for the election of district governing board members from each precinct. A.R.S. Sec. 15–676.01. A.R.S. Sec. 15–679 confers the following powers and duties on the district board:

"A. Except as otherwise provided, the district board shall:

1. Maintain the community college for a period of not less than eight months in each year, and if the funds of the district are sufficient, maintain the college for a longer period.

2. Enforce the courses of study and the use of textbooks prescribed and adopted by the state board.

3. Visit the community college and examine carefully into its management, conditions and needs.

4. Exclude from the college all books, publications or papers of a sectarian, partisan, or denominational character intended for use as textbooks.

5. Appoint and employ a president or presidents, vice presidents, deans, professors, instructors, lecturers, fellows, and such other officers and employees it deems necessary.

6. Determine the salaries of persons appointed and employed.

7. Remove any officer or employee when in its judgment the interests of education in the state so require.

8. Award degrees, certificates and diplomas upon the completion of such courses and curriculum as it deems appropriate.

9. Appoint, if deemed necessary by the district board, security officers who shall have the authority and power of peace officers for the protection of persons and property under the administration of the district board.

10. Receive, hold, make and take leases of and sell personal property for the benefit of the community college district under its jurisdiction.

B. The district board may administer trusts declared or created for the district, and receive by gift, devise or bequest, and hold in trust or otherwise, property wheresoever located, and when not otherwise provided, dispose of such property for the benefit of the district, provided, with respect to real property, that the state board has consented to the disposition thereof."

Under Sec. 15–686:

"E. A district, with the consent of the state board, may conduct an election to determine whether or not bonds shall be issued and sold for the purpose of paying its share of the expenditures incurred for capital outlay. . . ."

In *Sorenson v. Superior Court,* 31 Ariz. 421, 425, 254 P. 230 (1927), the court in holding that the Union High School District was a political subdivision quoted

with approval from the case of *Lydecker v. Commissioners,* 41 N.J.L. 154:

> " 'These distinctive marks are, I think, that they embrace a certain territory and its inhabitants, organized for the public advantage, and not in the interest of particular individuals or classes; that their chief design is the exercise of governmental functions, and that to the electors residing within each is, to some extent, committed the power of local government, to be wielded either mediately or immediately, within their territory, for the peculiar benefit of the people there residing. Bodies so constituted are not merely creatures of the state, but parts of it, exerting the powers with which it is vested for the promotion of those leading purposes which it was intended to accomplish, and according to the spirit which actuates our republican system.' "

We hold that a community college district is a political subdivision of the state and that A.R.S. Secs. 15–901 et seq., are not applicable.

█ The only remaining issue is whether the complaint failed to state a claim upon which relief can be granted. The court should not grant a motion to dismiss for failure to state a claim unless it appears certain that the plaintiff would be entitled to no relief under any state of facts which is susceptible of proof under the claim stated. *Savard v. Selby,* 19 Ariz.App. 514, 508 P.2d 773 (1973). In considering the sufficiency of a complaint to state a claim for relief, the prayer is not part of the complaint. *Citizens' Committee for Recall of Jack Williams v. Marston,* 109 Ariz. 188, 507 P.2d 113 (1973).

█ We first consider whether the complaint states a claim for breach of an employment contract. The damages which may be recovered by an employee who has been wrongfully discharged is the balance of the salary due under the employment contract, less any sums the employee was able to earn during the remainder of the contract. *Perry v. Apache Junction Elementary School District No. 43 Board of Trustees,* 20 Ariz.App. 561, 514 P.2d 514 (1973). There is no allegation in appellants' complaint that because of the termination of the contract appellants were damaged in an amount representing the balance due under the contract. Since such an allegation is necessary to state a claim for a breach of an employment contract, *Stinson v. Edgemoor Iron Works, Inc.,* 53 F.Supp. 864 (D.Del.1944), appellants' complaint states no claim on that basis.

█ In his complaint, appellant Donald McClanahan, alleged he was a continuing teacher by virtue of A.R.S. Sec. 15–251. We have previously held that the Teachers Tenure Act is not applicable to junior colleges. *Kaufmann v. Pima Junior College Governing Board of Pima Junior College District, Pima County, Arizona, et al.,* 14 Ariz.App. 475, 484 P.2d 244 (1971); *Pima College v. Sinclair,* 17 Ariz.App. 213, 496 P.2d 639 (1972); *Stautz v. Pence,* 21 Ariz.App. 153, 517 P.2d 111 (1973).

In *Kaufmann v. Pima Junior College Governing Board,* supra, 14 Ariz.App. at 477, 484 P.2d at 246, we noted that in 1961 the State Board of Directors for Junior Colleges passed the following resolution:

> " '*Tenure*' A. The County Board of Governors shall establish and implement a policy which protects the staff members from unreasonable dismissal and the college from the necessity to retain incompetent teachers.
>
> B. The policy shall employ such procedures as are found in continuing contracts laws; reasonable period of probation, early notification of contract renewal or termination, written statement of reasons for dismissal for both probationary and established faculty members, and *assurance of continuing equitable treatment and reasonable security after the probationary period.*" (Emphasis in original)

Appellants did not allege tenure by virtue of the foregoing resolution.[1] Nor did they allege tenure under any policy formally adopted by the Board of Governors. Neither did they allege any informal adoption of a tenure policy such as we found in *Pima College v. Sinclair,* supra. Furthermore, appellants did not allege by facts or conclusion an expectation of tenure such as is set forth in *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

■ Does the complaint state a claim for damages under 42 U.S.C.A. Sec. 1983 of the Federal Civil Rights Act? Such a claim for damages is sustainable in a state court. *New Times v. Board of Regents,* 110 Ariz. 367, 374, 519 P.2d 169 (1974); *Perry v. Apache Junction Elementary School District No. 43,* supra.

■ There are allegations in the complaint which state a cause of action under 42 U.S.C.A. Sec. 1983. A term of employment by contract has been recognized as a property interest which cannot be extinguished without conforming to the dictates of procedural due process. *Perry v. Sindermann,* supra; *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Adams v. Walker,* 492 F.2d 1003 (7th Cir. 1974); *Hostrop v. Board of Junior College District No. 515, Counties of Cook and Will, and State of Illinois,* 471 F.2d 488 (7th Cir. 1972). This contractual property interest consists not only of the receipt of money under the employment contract, but also of the right to hold the position. Cf. *Peacock v. Board of Regents of the Universities and State Colleges of Arizona, et al.,* 510 F.2d 1324 (9th Cir. 1975).

■ Due process requires that the teacher be given notice of the charges against him, notice of the evidence upon which the charges will be based, a hearing before a tribunal of apparent impartiality (in this case the district board), and a

chance to present witnesses and confront adverse evidence at the hearing. *Hostrop v. Board of Junior Colleges District No. 515, etc.,* supra. Appellants contend that due process also requires a verbatim record at any termination hearing and that they be furnished a copy of the verbatim record. They also contend that the witnesses must be placed under oath at the hearing. We do not agree. In *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the court dealt with a parole revocation and set forth the minimum requirements of due process. Neither a verbatim transcript nor testimony under oath is listed by the court as one of the minimum requirements of due process. The court in *Morrissey* did require, in order to comply with due process, that there be a written statement by the factfinders as to the evidence relied on and the reasons for revocation. 408 U.S. at 489, 92 S.Ct. 2593. Due process demands that the boards such as the District Board of Governors amplify their decisions with findings of fact and legal conclusions. See *A. Dicillo & Sons v. Chester Zoning Board of Appeals,* Ohio Com.Pl., 44 Ohio O. 44, 98 N.E.2d 352 (1950).

The question which arises in this case is whether the hearing must be held prior to termination of the contract or can be held post-termination.

■ Once it is determined that due process applies, the question becomes—what due process is due? Due process is flexible and calls for such procedural protection as a particular situation demands. *Morrissey v. Brewer,* supra. Notice of opportunity to be heard at a meaningful time and in a meaningful manner must be granted. *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965).

*Arnett v. Kennedy,* 416 U.S. 134, 94 S. Ct. 1633, 40 L.Ed.2d 15 (1974), involved the termination of a nonprobationary fed-

---

1. There is a question as to whether the 1961 resolution is in existence or has been super-

seded by subsequent resolutions of the State Board of Directors for Junior Colleges.

eral employee in the competitive civil service. Justice Rehnquist, in an opinion in which the Chief Justice and Justice Stewart concurred, held that a hearing afforded by adminstrative appeal procedures after the actual dismissal of an employee complied with the requirements of due process since the property interest which the employee had in his employment was conditioned upon a procedural limitation which had accompanied the grant of that interest. Justices Powell and Blackmun concurred in the result but for different reasons. They thought that resolution of the issue depended upon a balancing process in which the government's interest in removal of an unsatisfactory employee is weighed against the interest of the affected employee to continue public employment. They balanced the need for government, as an employer, to expeditiously remove a disruptive or otherwise unsatisfactory employee against the injury to the employee. Noting that the employee in the case before them, if he prevailed, would be entitled to back pay upon reinstatement; that the temporary loss of income was considerably less of a deprivation than that involved for example in the denial of welfare benefits such as in the case of *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and further noting that the statute and regulations involved gave the employee the right to thirty days' notice of the reason for his proposed discharge and a right to respond thereto prior to discharge and prior to a full evidentiary hearing, they were of the opinion that due process was satisfied.

In *Peacock v. Board of Regents of Universities and State Colleges of Arizona,* supra, the appellant was a tenured professor of surgery at the University of Arizona College of Medicine and was also the head of the Department of Surgery. He was summarily dismissed as head of the department, a position he held under contract. The District Court concluded that with respect to the "headship", appellant, by virtue of his contract, had a property interest of which he could not be deprived absent a hearing. However, the district court declined to order the reinstatement of Peacock but instead ordered the University to reinstate him as head of the department with the option of relieving him from performing any "headship" duties pending a full hearing. On appeal, Peacock claimed that due process entitled him to a pre-termination hearing and that the trial court erred in denying him full reinstatement. The *Peacock* court noted that to determine whether the opportunity to be heard which was provided was offered at a time sufficiently meaningful to satisfy due process, it must balance the University's interest in the form of procedure ultimately offered Peacock by the district court, against Peacock's interest in a more rigorous procedure. Taking note of the decision in *Arnett,* supra, and *Mitchell v. W. T. Grant Company,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), the court stated at 510 F.2d 1324, 1328:

> "We think the upshot of *Arnett* and *Mitchell* is that in considering the due process validity of the procedure provided we must apply the traditional balancing test *without a presumption* favoring a prior hearing." (Emphasis added)

In concluding that the procedure provided by the district court comported with due process, the court observed that Peacock's interest in a hearing before, rather than after, he was suspended from the performance of his duties as head of the department, was relatively slight, since no financial interest was involved (the position was not remunerated) and he continued to receive his full professor's pay while suspended. He was not threatened with the spectre of brutal need which would dictate the necessity of a prior hearing, and suspension pending a hearing did not impair his liberty interest, as the proposed termination was not for any reason which might stigmatize him in the same way as a charge of dishonesty or immorality. The

**20**

court did, however, emphasize that under different circumstances, involving a more serious intrusion upon a protected property interest, such as the professorship, or upon a liberty interest, or an employment relationship in which loyalty and cooperation was less imperative, a pre-termination hearing may be required.

Absent further development of the facts, it is impossible for us to balance the interests involved in order to determine whether a post-termination hearing would suffice in this case, and whether there was an offer for a hearing which complied with procedural due process. The complaint sets forth the existence of a property interest (the employment contract) its termination without a hearing, the offer of a post-termination hearing which did not comply with procedural due process, and the eventual hearing almost one year after the termination of employment. The complaint also states that "there was not sufficient grounds to dismiss plaintiff." If there were no justifiable grounds for the discharge of appellant, he was denied substantive due process.

■ The complaint states a cause of action under 42 U.S.C.A. Sec. 1983 as against the individual defendants but not as against Cochise College or the Governing Board of Cochise College since such entities are not "persons" within the meaning of the statute. Cf. *City of Kenosha, Wisconsin v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Roe v. Arizona Board of Regents,* 23 Ariz.App. 477, 534 P.2d 285 (1975) (review granted).

■ Appellees contend that A.R.S. Sec. 15–678, which grants immunity from personal liability to members of the district board, acts as a bar to relief. This contention is without merit since the statute cannot be used to defeat a claim for relief under 42 U.S.C.A. Sec. 1983.

The order granting appellees' motion to dismiss against the individual members of the district board is vacated and set aside. The order is affirmed as to Cochise College and the Governing Board of Cochise College.

KRUCKER, and HATHAWAY, JJ., concurring.