Susan E. SUMMERS and Donald A. Riley, Plaintiffs,

v.

Jacob CIVIS, Jr., et al., Defendants.

No. CIV–76–0553–E.

United States District Court,
W. D. Oklahoma.

Oct. 21, 1976.

Arnold D. Fagin of Fagin, Hewett, Mathews & Fagin, Oklahoma City, Okl., for plaintiffs.

Michael C. Stewart of Cooper, Stewart, Elder & Abowitz, Oklahoma City, Okl., for defendants Civis, Turner, Montgomery, West, Huddleston, Sellars and Board of Education of Independent School District No. 15 of McClain County, Oklahoma.

Larry L. French of Edwards & French, Seminole, Okl., for defendant Shinn.

MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

Plaintiffs complain of wrongful termination of their teaching contracts and assert claims arising under 28 U.S.C. § 1331, 42 U.S.C. § 1983 and the Fourteenth Amendment to the Constitution of the United States, alleging such terminations were not in compliance with applicable standards and constituted deprivation of property without due process of law. Plaintiffs do not contend they were fired for constitutionally impermissible reasons, but rather, allege that their terminations were effected in a constitutionally impermissible manner. They also assert a "pendant" claim for

breach of contract. They seek recovery of $300,000 in compensatory and punitive damages, costs, interest and fees; they pray for orders expunging references to their terminations from the Purcell High School records, enjoining defendants from communicating the fact of termination, and granting "due process hearing."

Now before the court for disposition is a motion to dismiss filed on behalf of defendant Jerry Shinn, and a motion to dismiss filed on behalf of all other defendants. The motions are virtually identical; they are treated below as one.

PERTINENT FACTS

Plaintiff Summers is a vocal music teacher and during the school year 1975–1976 was employed at the Purcell High School in Independent School District No. 15 of McClain County, State of Oklahoma. She worked under contract with the school district for that one year. Plaintiff Riley was employed by contract as a high school band instructor at the Purcell High School within the same Independent School District, beginning with the school year of 1974–1975 through the 1975–1976 term.

On March 10, 1976, the school board voted not to renew either plaintiff's teaching contract for the 1976–1977 school year. Plaintiffs received formal notification of that action by letter. On March 15, 1976, both requested hearings before the board of education concerning their non-renewal. On April 14, 1976, their requests were renewed. On April 22, 1976, plaintiffs were notified that they would not be granted hearings or statements of causes for their non-renewal.

DETERMINATION

Neither federal question jurisdiction nor civil rights jurisdiction is available in the absence of an appropriate cause of action. In the case at bar, failure to state a claim under the Constitution, laws of the United States or comparable legal authority would have the effect of depriving this court of subject matter jurisdiction.

In this light, the court finds that the most compelling of defendants' several arguments urged in support of their motions is the contention that inasmuch as plaintiffs were untenured, probationary employees their termination deprived them of no property interest, and their "pendant" claim for breach of contract is in actuality the only claim stated.

Plaintiffs have responded that whether or not they had tenure is not the controlling fact and argue that a property right may arise from intra-disciplinary policies, regulations and/or guidelines as well as from a statutory system of tenure. They assert that their protected rights arise from the Standards of the North Central Association of Colleges and Secondary Schools, specifically, the Standard providing:

> "In the event the board contemplates action for dismissal or non-renewal of a terminating contract, the employee affected shall be informed in writing of the anticipated dismissal or non-renewal of contract, shall be given the reasons therefor, and then shall be provided an opportunity for a hearing before official action is taken by the board."

Assuming (without, for the purpose of this motion, deciding) that the Standard may be characterized as more than a mere recommendation, either by virtue of its formal adoption by defendants, or its adoption in fact by practice, and assuming that plaintiffs are intended beneficiaries of its provisions, yet the question remains whether plaintiffs' claims of breach of the above-quoted Standard assume constitutional dimensions.

The court entertains serious reservations concerning plaintiffs' argument that the Standard gave rise to a "reasonable expectancy of reemployment." It would appear to give rise to no more than a reasonable expectancy of fair termination. Comparable reasoning has been noted by this court in a recent opinion by Judge Platt, United States District Court, Eastern District of New York:

> "Plaintiff's first contention is that 'probationary teachers have a property interest protected by the Due Process clauses of the FIFTH and FOURTEENTH Amendments of the Constitution.'

> "The Courts have consistently held, however, that since probationary teachers do not have tenure they do not have any such 'property interest' . . . [citations omitted]

> "In an effort to distinguish her situation from that of other probationary teachers, plaintiff points out that the contract of the United Federation of Teachers and the By-Laws of the Board of Education require that probationary teachers be accorded a pre-termination hearing, and suggests that this created for her an 'expectancy' of re-employment. This 'expectancy,' her argument runs, is a property right of which she cannot be deprived without a hearing.

> "The Court finds that argument without merit. A probationary teacher does not gain a 'legitimate claim of entitlement' . . . to a tenured position simply because the termination procedure becomes more complex and formal than it was previously. A probationary teacher who is by contract entitled to a hearing before termination is still a probationary teacher subject to termination, not a tenured teacher entitled to continuing employment." *Haron v. Board of Ed. of City of New York,* E.D.N.Y., 411 F.Supp. 68, 71 (1976). See also *Cato v. Collins,* 539 F.2d 656, 660–661 (8th Cir. 1976).

The court's understanding, based upon the undisputed facts, is that plaintiffs were fired in most summary fashion. Nonetheless, it is not every breach of promise of fair termination which is actionable in federal court, but only such breach as deprived the victim of a legally cognizable right. The Court of Appeals for the Tenth Circuit has held that, under Colorado law, a probationary, untenured teacher did not enjoy such reasonable expectation of reemployment as would give rise to a right to be deprived of reemployment only by due process of law. *Powers v. Mancos Sch. Dist. RE–6, Montezuma Cty.,* 539 F.2d 38 (10th Cir. 1976); *Weathers v. West Yuma County*

*School Dist. R–J–1,* 530 F.2d 1335 (10th Cir. 1976).

■ The above is not meant to imply that only de jure tenure creates the requisite property interest. That interest may arise from de facto, or from quasi, tenure, if the circumstances are such to support an implied reasonable expectation of continuing employment. Whether such an interest arises is a question of state law.

■ Defendants urge the court to abstain, in deference to state court determination of that question. Plaintiffs have responded that abstention would be inappropriate because the state law is no longer unsettled, citing *King v. Bd. of Regents of Claremore Junior College,* 541 P.2d 836 (Okl.1975). This court does not agree *King* holds that an interest is created under such circumstances as exist in the case at bar. The Supreme Court of Oklahoma said:

> "In *Papadopoulos v. Oregon State Board of Higher Ed.,* 14 Or.App. 130, 511 P.2d 854, the court considered a regulation requiring notice of non-renewal to be given before specified date and stated:
>
> 'The effect of this regulation is to entitle the * * * employees to continued employment unless and until they receive timely notice of termination in accordance with the requirements of the regulation.' See also *Zimmerman v. Minot State College, N.D.,* 198 N.W.2d 108; *Pima College v. Sinclair,* 17 Ariz.App. 213, 496 P.2d 639; *Loebeck v. Idaho State Bd. of Ed.,* 96 Idaho 459, 530 P.2d 1149.
>
> "Assuming the principle expressed in those cases is correct, the issue presented in present case is whether there were rules and understandings promulgated and fostered by state officials which entitled non-tenured instructors to notice of non-renewal prior to April 10.
>
> \* \* \* \* \* \*
>
> ". . . We conclude the school had not adopted policy of giving notice of non-renewal prior to April 10. Therefore, we conclude trial court's finding that rights of non-tenured teachers were not violated, and that they were not entitled

to reinstatement, is supported by competent evidence." At 839, 840.

A case dealing with the absence of guidelines cannot be reasonably construed as settling the question of what interests are created by the presence of guidelines.

Plaintiffs' claims hinge on what, if anything, was secured to them by virtue of the N.C.A. Standards. Whether those Standards give rise to a property interest and, if they do, whether they are thus in conflict with the state statutory scheme are questions of state law which touch upon the sensitive area of educational policy. Accordingly, the court deems abstention appropriate.

Such disposition was suggested by Mr. Chief Justice Burger in his concurring opinion in *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972):

> "Because the availability of the Fourteenth Amendment right to a prior administrative hearing turns in each case on a question of state law, the issue of abstention will arise in future cases contesting whether a particular teacher is entitled to a hearing prior to nonrenewal of his contract. If relevant state contract law is unclear, a federal court should, in my view, abstain from deciding whether he is constitutionally entitled to a prior hearing, and the teacher should be left to resort to state courts on the questions arising under state law." 408 U.S. at 604, 92 S.Ct. at 2717.

Such disposition, furthermore, is consistent with orders entered by courts within this circuit. *Coen v. Boulder Valley School Dist. No. RE–2, Colo.,* 402 F.Supp. 1335 (Colo.1975); *Singleterry v. Independent Sch. Dis. No. 19 of Carter Cty.,* No. 74–289–C (E.D.Okl., filed September 30, 1975).

Inasmuch as the court has concluded that dismissal without prejudice and abstention, rather than dismissal for want of subject matter jurisdiction, is the better disposition of this case, it is necessary to consider what defendants contend are fatal jurisdictional "infirmities."

## AMENABILITY TO SUIT

■ Defendants contend they are not amenable to suit under 42 U.S.C. § 1983 because a school board is not a person. They cite *Powers, supra,* as so holding.

Whether or not a school board or district is a person was not settled in the *Powers* opinion. Attention is directed to the first paragraph:

"The Court had previously granted a motion to dismiss the school district as a party defendant on the ground that a school district is not a person under the Civil Rights Act, 42 U.S.C. § 1983. . . *No appeal is taken from that ruling.*" At 39. [Emphasis supplied by this court.]

The question was also left open in *Weathers, supra* at 1342.

The issue has been determined within this district, however, to the effect that such an entity is not a person under § 1983. *Fanning v. School Bd. of Ind. Sch. Dist. # 23,* 395 F.Supp. 18 (W.D.Okl.1975). Other courts have reached the same result. See *Burt v. Bd. of Trustees of Edgefield Cty.,* 521 F.2d 1201 (4th Cir. 1975), and cases cited therein; *Amos v. Bd. of Sch. Directors of City of Milwaukee,* 408 F.Supp. 765, 776–777 (E.D.Wis.1976).

This court concludes the defendant Board is not amenable to suit under § 1983.

## IMMUNITY FROM SUIT

■ Defendants contend they are immune from suit by virtue of the Eleventh Amendment to the Constitution of the United States:

"The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Plaintiffs respond that no defendant is a state; that the Eleventh Amendment has been supplanted by the Fourteenth; that, in any event, the state has waived immunity; and, finally that the Eleventh Amendment is not a shield for all defendants.

The court agrees only with plaintiffs' last-mentioned argument. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The determination which follows has reference only to whether the defendant Board is immune from suit on the asserted constitutional claim, to the extent recovery in damages is sought.

It is doubtful that the Eleventh Amendment has been devitalized by the Fourteenth.[1] Nor does *Fitzpatrick v. Bitzer,* —— U.S. ——, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), relied upon by the plaintiffs, announce its displacement. The issue in *Fitzpatrick* was the scope of congressional enforcement power under § 5 of the Fourteenth Amendment; the court held that the Eleventh Amendment does not preclude Congress from statutorily authorizing (by way of Title VII of the Civil Rights Act of 1964) federal courts to enter monetary awards in employment discrimination cases, though recovery may be had of state treasuries. There is no such "threshold fact of congressional authorization" here.

The court finds that the immunity provided by the Eleventh Amendment extends to this defendant as an agency and instrumentality of the state, and further finds in 70 O.S. § 5–105 no waiver of immunity from suit in *federal* court. See *Williams v. Eaton,* 443 F.2d 422 (10th Cir. 1971); *Hamilton Mfg. Co. v. Trustees of the State Colleges in Colo.,* 356 F.2d 599 (10th Cir. 1966).

■ This discussion of amenability to and immunity from suit is deemed necessary because defendants have urged that such jurisdictional infirmities are fatal to the maintenance of these claims in this court. The court, however, has above concluded that those issues would have no bearing on the presence of the defendant Board insofar as injunctive relief is sought. Thus these "infirmities" are not fatal, and do not undermine the correctness of the disposition of this case by way of dismissal without

1. Judge Platt's Supplemental Opinion and Order in *Turano v. Bd. of Ed. of Island Trees,* 411 F.Supp. 205, at 210 (E.D.N.Y.1976), is instructive.

prejudice, rather than dismissal for want of jurisdiction.

Accordingly,

IT IS ORDERED That plaintiffs' claims be and the same hereby are dismissed.

That the court shall abstain from further proceedings to permit litigation of the questions of state law in the Courts of the State of Oklahoma.