**18**

James SMITH and Sheridan Marquardt, Plaintiffs,

v.

James GRIFFITH, Gene Garrett, Gene Smith, Jerry White, and Carl Fancher, Individually and jointly as members of the Board of Education of Independent School District No. 1, McClain Co., Oklahoma, Board of Education of Independent School District No. 1 of McClain County, Oklahoma, Greg Pierson, principal, and Al Underwood, Individually as superintendent of Independent School District Number 1, McClain County, Oklahoma, Defendants.

No. CIV–76–0532–D.

United States District Court, W. D. Oklahoma.

May 4, 1977.

Arnold D. Fagin, Oklahoma City, Okl., for both plaintiffs.

Elliott C. Fenton, Ronald L. Day, Oklahoma City, Okl., for all defendants.

Gary L. Shores, Oklahoma City, Okl., for defendant Board of Ed.

Larry L. French, Seminole, Okl., for defendants Pierson and Underwood.

ORDER

DAUGHERTY, Chief Judge.

Plaintiffs are school teachers who allege they were wrongfully terminated (or not renewed) after their first year of employment by Defendants.[1] The alleged wrongful termination is based on a violation of Plaintiffs' due process rights in terminating their employment without notice and hearing. Plaintiffs assert that notwithstanding the rulings in *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) to the effect that non-tenured teachers have no property interest in future employment beyond their first year contract which entitles them to due process rights of notice and hearing upon non-renewal, they have such due process rights because of an agreement between the Defendant Board of Edu-

---

1. Plaintiffs assert jurisdiction herein pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.

cation and Newcastle Association of Classroom Teachers executed in November, 1973.

The provisions of said agreement relied on by Plaintiffs provide:

"CONDITIONAL RATING STATUS PROCEDURE:

1. A teacher who has an overall rating of Conditional by Feb. 1 of a school year will be placed on probation.

.    .    .    .    .

3. The teacher concerned will have from February 1 of one school year until February 1 of the following school year to make the necessary personal and professional adjustments as required by his principal and his other superiors."

Plaintiffs contend that this provision in said agreement gave them a reasonable expectancy of employment unless and until the procedures set out in the agreement were complied with and thus Plaintiffs possessed a property right which could not be taken away without due process.

Defendants have filed a Motion To Dismiss contending, (1) the Court lacks subject matter jurisdiction, (2) no substantial federal question is presented, (3) the Complaint fails to state facts upon which relief can be granted, and, (4) the Court should abstain due to local issues and questions which should be resolved by State Courts. Oral arguments have been conducted on said Motion To Dismiss.

The Court is of the opinion that abstention is the proper course to be taken in this matter.[2]

70 Okla.Stat. 6–122 grants a teacher in Oklahoma tenure only after employment of three years. 70 Okla.Stat. 5–117 provides that in Oklahoma a local board of education may, "make rules and regulations not inconsistent with the law or rules and regulations of the State Board of Education .   ." The Oklahoma Supreme Court has not de-

cided whether the above mentioned provision in an agreement between a school board and a teachers association is inconsistent with the law of Oklahoma by affording tenure rights as to notice and hearing before termination or non-renewal when tenure status has not been achieved as prescribed by state law.

Since the case of *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) it has been settled law that when a Federal constitutional claim is premised on an unsettled question of state law, the Federal Court should stay its hand in order to provide the State Courts an opportunity to settle the underlying state law question and thus avoid the possibility of unnecessarily deciding a constitutional question. In *Harris County Comm'rs Court et al. v. Moore et al.,* 420 U.S. 77 at 83–84, 95 S.Ct. 870, 875, 43 L.Ed.2d 32 (1975) the Supreme Court of the United States recently held:

"When the state law questions have concerned matters peculiarly within the province of the local courts .   .   . we have inclined toward abstention. .   . Among the cases that call most insistently for abstention are those in which the federal constitutional challenge turns on a state statute the meaning of which is unclear under state law."

Chief Justice Burger in *Roth* and *Sindermann, supra,* said in his concurring opinions:

"Because the availability of the Fourteenth Amendment right to a prior administrative hearing turns in each case on a question of state law, the issue of abstention will arise in future cases contesting whether a particular teacher is entitled to a hearing prior to nonrenewal of his contract. If relevant state contract law is unclear, a federal court should, in my view, abstain from deciding whether he is constitutionally entitled to a prior hearing, and the teacher should be left to

---

**2.** Two judges of this judicial district in similar cases have abstained as has Judge Morris in a similar case in the Eastern District of Oklahoma. See *Fanning v. School Bd. of Ind. Sch. Dist.* ¶ 23, 395 F.Supp. 18 (W.D.Okl.1975);

*Summers v. Civis,* 420 F.Supp. 993 (W.D.Okl. 1976) and *Singleterry v. Ind. Sch. Dist.* ¶ 19 of *Carter Co., Okla., et al.,* Civil Case No. 74–289–C, Eastern District of Oklahoma.

20

resort to state courts on the questions arising under state law."

In *Summers v. Civis, supra,* notice and hearing was claimed pursuant to standards of the North Central Association of College and Secondary Schools adopted by the Board of Education,[3] and in *Singleterry v. Ind. Sch. Dist. ¶ 19 of Carter Co., Okla. et al., supra,* notice and hearing was claimed pursuant to Board policy. Plaintiffs herein urge that this case is distinguishable from the above cases because notice and hearing is claimed as provided by an agreement between the Board of Education and the Classroom Teachers Association. The Court fails to see that the distinction has any substance. Moreover, in *Summers v. Civis, supra,* the Court cited with approval the case of *Haron v. Board of Ed. of City of New York,* 411 F.Supp. 68 (E.D.N.Y.1976) in which a pre-termination notice and hearing was provided by the contract of the United Federation of Teachers and the By-Laws of the Board of Education and in which case the Court granted summary judgment to the Defendant Board of Education on the grounds the probationary non-tenured teacher was not entitled to such notice and hearing notwithstanding said contract and By-Laws. This case is identical to the case at bar.

Plaintiffs claim that Oklahoma has decided the question of whether property rights are created by School Board policies, rules, agreements or understandings in *King v. Board of Regents, Claremore Junior College,* 541 P.2d 836 (Okl.1975). The same argument was made in *Summers v. Civis, supra.* Judge Eubanks disagreed and in this I concur.

Accordingly, the Court will abstain and in doing so grants Defendants' Motion To Dismiss Plaintiffs' action herein which is accomplished without prejudice to litigating the issues herein in an appropriate state forum.

3. Judge Eubanks stated in this case:

"Plaintiffs' claims hinge on what, if anything, was secured to them by virtue of the N.C.A. Standards. Whether those Standards give rise to a property interest and, if they do, whether they are thus in conflict with the state statutory scheme are questions of state law which touch upon the sensitive area of educational policy. Accordingly, the court deems abstention appropriate."