757 P.2d 111

**Robert B. WINN, Plaintiff/Appellant,**

v.

**The STATE of Arizona, Defendant/Appellee.**

**No. 2 CA–CV 88–0032.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 18, 1988.

Review Denied July 6, 1988.

Robert B. Winn, in pro. per.

Robert K. Corbin, Atty. Gen. by Lisa T. Hauser, Phoenix, for defendant/appellee.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from the dismissal of a complaint for failure to state a claim for relief.

Appellant sought to be placed on the general election ballot in 1986 as an independent candidate for the United States Senate. He was unable to obtain the requisite number of signatures on his nominating petitions within the allotted time and failed in his attempt. After the election he brought this lawsuit, in propria persona, to enjoin "the officials of the State of Arizona" from enforcing Arizona election laws and, in particular, A.R.S. § 16–341, governing the nomination of independent candidates.

The issue is whether Arizona's election laws deny independent candidates equal protection of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution, because their requirements differ from those applicable to party candidates and because they are unduly burdensome. We hold that they do not and affirm.

Before going to the merits, we answer a jurisdictional question raised by the state. It contends that the action was properly dismissed because an indispensable party, the Secretary of State, the official responsible for applying the appropriate statutes in determining that a proper number of signatures has been submitted, was not named a party to the action. We

do not believe that the absence of the Secretary of State is fatal to this action. Although the prayer for relief asks for an injunction, the complaint can be construed as asking the court to declare certain statutes unconstitutional and is in the nature of an action for declaratory relief. We can ignore the prayer for relief, because it is not part of the complaint when judging whether the complaint states a claim for relief. *McClanahan v. Cochise College,* 25 Ariz.App. 13, 540 P.2d 744 (1975).

■ The laws governing independent candidates require that such candidates file nominating petitions with signatures equal in number to at least one percent of the total vote cast at the last general election for governor or presidential electors in the state, county, subdivision or district, for which the candidate is nominated. A.R.S. § 16–341(E) and (F). The petitions may first be circulated the day following the primary election and must be filed on the tenth day after that election. A.R.S. § 16–341(C) and (G). Only qualified electors who have not signed the nominating petition of another candidate for that same office and who have not voted in the primary election may sign the petition. A.R.S. § 16–341(C).

Party candidates are also required to file nominating petitions to be placed on the primary ballot. A candidate for the United States Senate needs the signature of qualified electors, qualified to vote for the candidate, in a sum equal to at least one-half of one percent of the total vote of his party in the state for governor or presidential electors at the last general election. A.R.S. § 16–322(A)(1). The only time constraints for party candidates are that the nominating petitions must be filed not less than seventy-five nor more than 105 days before the primary election. A.R.S. § 16–311(A).

The differences between the requirements for party candidates and independent candidates do not violate the Equal Protection Clause of the Fourteenth Amendment, nor do the requirements themselves. The imposition of different requirements between party candidates and independent candidates does not constitute invidious discrimination. Arizona properly recognizes the difference in kind between the needs and potentials of a political party with historically established broad support on the one hand and an individual on the other. See *Jenness v. Fortson,* 403 U.S. 431, 91 S.Ct. 1970, 29 L.Ed.2d 554 (1971).

What the state cannot do is make the election machinery for independent candidates so burdensome that its practical effect is to make it virtually impossible for an independent to be placed on the general election ballot. See *Jenness v. Fortson, supra.* Do Arizona's election laws have that effect? They do not. We take judicial notice that in the 1986 general election an independent candidate for governor succeeded in obtaining enough signatures to be placed on the general election ballot.

Affirmed.

LACAGNINA, C.J., and HATHAWAY, J., concur.